IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONYEA MONTGOMERY and CATHERINE LOTT, Individually and as Grandmother and Next Friend of Jamarr Williams, a minor, and as Mother and Next Friend of Quenetta Lott, a minor, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )   CIVIL NO. 06-296-GPM<br>) |
| CITY OF COLLINSVILLE POLICE DEPARTMENT, CITY OF COLLINSVILLE, ILLINOIS, MARK KRUG, and DAN PORTER, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This matter came before the Court on July 17, 2006, for a hearing on Defendants' motion to dismiss certain claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs assert a confusing welter of claims based upon the allegedly unlawful arrest of Donyea Montgomery.

First, Defendants seek to dismiss all claims asserted against the City of Collinsville Police Department, as it is not a legal entity capable of being sued but, rather, is a division of the City of Collinsville, Illinois. As such, all claims asserted against it are duplicative of identical claims asserted against the City of Collinsville. Defendants are correct, and Counts 1 through 7, 29 through

34, 53 through 58, and 77 through 82 are dismissed.[1]

Next, Defendants seek to dismiss the negligence claims asserted against them, as they are immune from suit under various provisions of the Illinois Local Governmental and Governmental Employees Tort Immunity Act. "A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202. It is clear from Plaintiffs' own allegations that Defendants Mark Krug and Dan Porter, two Collinsville police officers, were involved in executing or enforcing the law. Specifically, Plaintiffs claim that Krug and Porter "wrongfully arrest[ed] Donyea Montgomery … with resisting arrest and public consumption of alcohol, and improperly charg[ed] him with said charges when there was no basis in fact for said charges" (Doc. 2). Furthermore, a local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable. 745 ILCS 10/2-109. Therefore, the City is not liable on these claims, either. Plaintiffs further contend that Defendants were negligent in failing to provide medical attention to Donyea Montgomery. However, "[n]either a local public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but this Section shall not apply where the employee, acting within the scope of his employment, knows from his observation of conditions that the prisoner is in need of immediate medical care and, through willful and wanton conduct, fails to take reasonable action to summon medical care. Nothing in this Section requires the periodic inspection of prisoners." 745 ILCS 10/4-105. Plaintiffs argue that a fact question exists as to whether the omission of medical

---

[1] Plaintiffs admit in the complaint that the City of Collinsville Police Department is a department of the City of Collinsville (Doc. 1, ¶ 5).

care for Donyea Montgomery was a ministerial act that would subject Defendant to liability for negligence (*see* Doc. 20). The decision to provide medical care to a prisoner is not a ministerial act. Accordingly, Plaintiffs' negligence claims are dismissed against Defendants City of Collinsville, Illinois, Mark Krug, and Dan Porter.

For the foregoing reasons, Defendants' motion to dismiss (Doc. 11) is **GRANTED**, and the following Counts are dismissed: Counts 1 through 7, 9, 14, 16, 21, 22, 23, 28, 29 through 34, 37, 40, 43, 46, 49, 52, 53 through 58, 61, 64, 67, 70, 73, 76, 77 through 82, 85, 88, 91, 94, 97, and 100. The City of Collinsville Police Department is dismissed from this action. Plaintiffs are **ORDERED** to file an amended complaint (plain and concise) on or before August 7, 2006, in accordance with the Federal Rules of Civil Procedure, specifically Rules 8 and 10.

**IT IS SO ORDERED.**

DATED: 07/18/06

s/ G. Patrick Murphy  
G. PATRICK MURPHY  
Chief United States District Judge